10-683-pr
Ayers v. Selsky

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of March, two thousand twelve.

PRESENT:

> JOHN M. WALKER, JR.,
> PIERRE N. LEVAL,
> ROSEMARY S. POOLER,
> > *Circuit Judges.*

_____

HOWARD AYERS,

> *Plaintiff-Appellant,*

- v. -                                                      10-0683-cv

DONALD SELSKY, DIRECTOR, and C. DROWN, HEARING OFFICER,

> *Defendants-Appellees.*

_____

FOR APPELLANT:                          SHERYL B. SHAPIRO (Lewis J. Liman and Kiesha Minyard *on the brief*), Cleary Gottlieb Steen & Hamilton LLP, New York, NY, *for* Plaintiff-Appellant.

FOR APPELLEES:                          OWEN DEMUTH, Assistant Solicitor General (Eric T. Schneiderman, Attorney General of the State of New York, Barbara D. Underwood, Solicitor General, and

Nancy A. Spiegel, Senior Assistant Solicitor General, *on the brief*), *for Defendants-Appellees.*

Appeal from the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the decision of the district court granting summary judgment to the Defendants be AFFIRMED.

Plaintiff-Appellant Howard Ayers brought this suit under 42 U.S.C. § 1983 against Defendants-Appellants Donald Selsky and C. Drown, both employees of the New York State Department of Correctional Services ("DOCS"), for alleged violations of his due process rights in connection with a prison disciplinary hearing resulting in Ayers' confinement in the Special Housing Unit for 140 days. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment de novo, with "[a]ll evidence submitted on the motion . . . construed in the manner most favorable to the nonmoving party." *Horvath v. Westport Library Ass'n*, 362 F.3d 147, 151 (2d Cir. 2004). Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Due process requires that an inmate charged with a disciplinary offense receive written notice of the charges against him prior to the hearing "to inform the inmate of what he is accused of doing so that he can prepare a defense to those charges." *Taylor v. Rodriguez*, 238 F.3d 188, 192 (2d Cir. 2001); *see also Wolff v. McDonnell*, 418 U.S. 539,

2

564 (1974). The notice must provide, *inter alia*, "at least some 'specific facts' underlying the accusation." *Sira v. Morton*, 380 F.3d 57, 70 (2d Cir. 2004) (quoting *Taylor*, 238 F.3d at 193).

Ayers argues that the Misbehavior Report which served as his notice stated only that he submitted a "callout list" of inmates to be allowed to attend Nation of Islam ("N.O.I.") religious classes, replacing the previously approved list of attendees, and that he was not a DOCS-approved N.O.I. facilitator when he did so. Ayers contends that the Misbehavior Report did not give him notice that at the hearing prison officials intended to introduce evidence that Ayers intended to use N.O.I. meetings for gang or other unauthorized purposes.

We hold that the notice was constitutionally sufficient. Ayers was charged with violating DOCS Rule 104.12, providing that "[a]n inmate shall not lead, organize, participate, or urge other inmates to participate, in . . . actions which may be detrimental to the order of [the] facility." *See* N.Y. Comp. Codes R. & Regs. tit. 7, § 270.2(5)(iii). The hearing officer concluded that Ayers had violated Rule 104.12 because he was "attempting to improperly affect [sic] change in . . . an authorized religious group," which "would have had the effect of preventing others from practicing their professed religion," and because Ayers had admitted that he was not the approved N.O.I. facilitator. Additional evidence presented at the hearing that Ayers was attempting to use N.O.I. gatherings as gang meetings or that he was introducing a "radical edge" into the N.O.I. went to Ayers' motive or state of mind, but was not specific offense conduct. The additional evidence may have also been relevant to the charge against Ayers under a different DOCS rule prohibiting gang activity, but the charge under that rule was

3

dismissed through the administrative process and is not relevant to this appeal. Ayers was not deprived of due process of law because he was given both (1) notice of the fact that his submission of the callout list formed the basis for the charge, and ultimately for the penalty imposed, under DOCS Rule 104.12, and (2) some specific facts underlying that accusation, namely that he was not an approved N.O.I. facilitator and submitted a callout list which removed the names of twenty-two inmates previously permitted to attend meetings "in an attempt to subvert" N.O.I. meetings.

Finally, we note that it was error for the Misbehavior Report to give the "date of incident" as the date the Report was filed, instead of the date of the events giving rise to the charge (*i.e.*, the date Ayers submitted the callout list). However, that error was harmless because Ayers' written submissions demonstrated that he suffered from no actual confusion that the incident in question was the submission of the callout list, or as to the date that incident took place. *Cf. Sira*, 380 F.3d at 71-72 (holding that error in date of incident deprives the prisoner of due process where it caused actual confusion as to which events formed the basis of the charge).

For the foregoing reasons, the decision of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4